**1922-CC00231**

IN THE CIRCUIT COURT OF THE CITY OF SAINT LOUIS
22nd JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| **DEBORAH HEATH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: |
| v. ) | |
| ) | |
| **ALLSTATE INSURANCE COMPANY,** ) | Division: |
| Serve:    John M. Huff ) | |
|                MO Dept. of Insurance ) | |
|                301 W. High St., Rm 530 ) | |
|                Jefferson City, MO 65101 ) | |
| ) | |
| ) | |
| **CSD INSURANCE POOL, INC.** ) | |
| Serve:    C T Corporation System ) | |
|                120 South Central Ave. ) | |
|                Clayton, MO 63105 ) | |
| ) | |
| **Defendants.** ) | |

## PETITION

### COUNT I - Breach of Contract

COMES NOW Plaintiff Deborah Heath, by and through the undersigned counsel, and for her claim against Defendant Allstate Insurance Company states as follows:

1. At all times referenced herein, Plaintiff Deborah Heath was a resident of Lincoln County, Missouri.

2. Defendant Allstate Insurance Company is a nonresident, foreign insurance company, with authority to sue and be sued, and authorized to do business in the State of Missouri.

3. Venue is proper in the Circuit Court of the City of Saint Louis pursuant to §508.010.2(3).



EXHIBIT A

4. The car crash that gives rise to this contract action occurred on November 30, 2017, on southbound Missouri Highway 47, an open and public roadway within Warren County, Missouri.

5. On November 30, 2017, Plaintiff was a passenger in a motor vehicle traveling southbound bound on Missouri Highway 47 when a motor vehicle that was being operated by Nancy Harmon and traveling northbound on Missouri Highway 47, failed to yield, made a left turn, and struck the front of Plaintiff's vehicle.

6. As a result of the car crash, Plaintiff suffered injuries to her right shoulder, right arm, right wrist, and experienced chest pain with breathing. She was diagnosed with a closed Colles' fracture of the right wrist, a closed nondisplaced fracture of styloid radius and a diaphragm rupture.

7. As a result of the crash Plaintiff incurred medical bills in excess of One hundred and twenty six thousand, seven hundred and two dollars ($126,702.00).

8. As a result of her injuries Plaintiff missed approximately two hundred and forty seven hours of work suffered lost wages in the gross amount of Five thousand one hundred and twenty eight dollars and twenty cents ($5,128.20).

9. At the time of the crash, the other motorist, Nancy Harmon, was insured under an Automobile Liability Insurance Policy with Shelter Insurance Company. The per person limit of liability under said policy was Fifty thousand dollars ($50,000.00).

10. The value of Plaintiff's personal injury claim against Nancy Harmon is more than the per person policy limits of Fifty thousand dollars ($50,000.00) under the Shelter policy, making Deborah Heath an "Underinsured Motorist".

11. Plaintiff had an Automobile Insurance policy with Allstate, being numbered 995098842, that included Underinsured Motorist coverage in the amount of One hundred thousand dollars ($100,000.00).

12. A true copy of the Policy number 995 098 842 is attached as Exhibit 1.

13. The General Statement of Coverage for underinsured motorist benefits, states that Allstate "will pay damages which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured auto** because of **bodily injury** sustained by an **insured person.**"

14. The above mentioned policy was in effect at the time of the crash on November 30, 2017.

15. The negligence of the underinsured motorist caused or contributed to cause the bodily injuries Plaintiff suffered in the crash.

16. Shelter Insurance Company, on behalf of its insured Nancy Harmon, has settled and paid all applicable policy limits to Plaintiff.

17. Allstate consented to plaintiff accepting the limits of liability from Shelter and releasing Nancy Harmon.

18. At the time Allstate consented to the settlement, and allowed plaintiff to present this claim, she was legally entitled to recover from Nancy Harmon, the underinsured motorist, damages for bodily injury in excess of one hundred and fifty thousand dollars ($150,000.00).

19. On July 11, 2018, Plaintiff made a claim for Underinsured Motorist coverage in the amount of One hundred thousand dollars ($100,000.00), which Allstate rejected and countered with an offer of Sixty nine thousand, eight hundred thirteen dollars and fifty nine cents ($69,813.59) on September 17, 2018.

20. On September 28, 2018, Plaintiff reduced her demand to Ninety eight thousand dollars ($98,000.00), which Allstate again rejected and countered with an offer of Seventy two thousand, eight hundred thirteen dollars and fifty nine cents ($72,813.59) on October 3, 2018. Subsequently, Allstate amended the counteroffer to include lost wages, for an amount of Seventy seven thousand, nine hundred forty one dollars and seventy six cents ($77,941.76).

21. As a sign of her good faith in trying to resolve this matter Plaintiff reduced her demand several times, ultimately offering a compromise settlement of an amount below Ninety six thousand dollars ($96,000.00) on November 13, 2018.

22. Allstate adjuster Paula Perdue offered Eighty thousand five hundred dollars ($80,500.00) on November 6, 2018, which she later stated in a fax on November 27, 2018 was "the best I have to settle this claim."

23. Allstate adjuster Caitlin Gilliland stated in a phone call on January 17, 2019 that Eighty thousand five hundred dollars ($80,500.00) was the most that Allstate was willing to pay for Ms. Heath's claiming.

24. Defendant Allstate has never offered more than Eighty thousand five hundred dollars ($80,500.00).

25. Plaintiff has fulfilled all conditions precedent to collect under the terms of Underinsured Motorist coverage.

26. Allstate has failed and continues to refuse to pay Plaintiff as it is contracted to do through the Underinsured Motorist coverage of the policy.

WHEREFORE, Plaintiff Deborah Heath prays for judgment against Defendant Allstate in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), but not

to exceed One Hundred Thousand Dollars ($100,000.00) together with all costs expended herein, prejudgment interest, and such further relief as the Court deems just and appropriate.

## COUNT II

### Vexatious Refusal

COMES NOW Plaintiff and for Count II of her petition against Allstate states as follows:

27.     Plaintiff hereby incorporates by reference each and every allegation set forth above as though fully set forth herein.

28.     Plaintiff last made a demand on November 13, 2018 in the amount of ninety six thousand dollars ($96,000.00), and kept that offer open for more than thirty days.

29.     Allstate acknowledged receipt of the demand and rejected it; restating its eighty thousand five hundred dollar ($80,500.00) offer.

30.     Allstate has refused to consider the full amount of the bodily injury and special damage in evaluating plaintiff's claim.

31.     Defendant's refusal to pay this claim is without a reasonable cause or excuse in violation of §375.420 of the Revised Missouri Statutes.

32.     In accordance with that statute, Plaintiff is allowed to receive twenty percent of the first $1,500.00 (Fifteen Hundred Dollars) of the loss and ten percent of the amount of the loss in excess of $1,500.00 (Fifteen Hundred Dollars) in addition to the amount recoverable under the insurance policy, attorneys' fees, and interest.

WHEREFORE, Plaintiff Deborah Heath prays for judgment against Defendant Allstate for the statutory penalties, interest and attorney's fees in accordance with the Revised Statutes of Missouri, and such further relief as the Court deems just and appropriate.

### Count III

## Declaratory Relief from CSD Insurance Pool, Inc.

COMES NOW Plaintiff Deborah Heath, by and through the undersigned counsel, and for her cause of action against Defendant CSD Insurance Pool, Inc. states as follows:

33. Plaintiff Deborah Heath is, and was at all times, an employee of Wright City School District.

34. Defendant CSD Insurance Pool, Inc., also known as CSD Insurance Health Trust, is a self-funded health plan created to provide health insurance benefits to Missouri Public Education Employees.

35. CSD Insurance Pool, Inc. is a political subdivision and has a contract with Wright City School District, along with other public schools.

36. Wright City School District is a government agency.

37. The health insurance benefits provided by CSD Insurance Pool, Inc. are only available to political subdivisions of Missouri.

38. Plaintiff as an employee of the Wright City School District, received health insurance benefits provided by CSD Insurance Pool, Inc.

39. Defendant CSD Insurance Pool, Inc. is now asserting a subrogation right of reimbursement from the proceeds of Count I of this action.

40. This Court has jurisdiction to hear this action under Mo. Rev. Stat. § 527.010 et seq., and Rule 87

41. Venue is proper before this Court pursuant to Mo. Rev. Stat. § 508.010 as CSD Insurance Pool, Inc. is headquartered in the City of St. Louis.

42. A ripe justiciable controversy between Plaintiffs and Defendants' exist as set forth in more detail above, specifically Defendants' have demanded payment from Plaintiff from any insurance settlement with Allstate.

43. Plaintiff Deborah Heath requests a declaration that Defendant CSD Insurance Pool, Inc. is not entitled to the proceeds for the following reasons:

   a. Plaintiff Deborah Heath's claim against Allstate is a private contract claim. Under Article I, Section 2 of the Missouri Constitution, "…all persons have a natural right to life, liberty, the pursuit of happiness and the enjoyment of the gains of their own industry…" and under Article I, Section 26, "private property shall not be taken…for public use, without just compensation." Plaintiff Deborah Heath's private auto insurance policy through Allstate is a private contract by a private citizen. As such, any insurance payment made to Plaintiff by Allstate is Plaintiff's own property from her private personal policy. Any taking by Defendant CSD Insurance Pool, Inc. would be an unconstitutional government taking of Plaintiff's property.

   b. Defendant CDS Insurance Pool, Inc.'s subrogation in this case is against public policy. Missouri law recognizes insurance policies with reimbursement or subrogation clauses as invalid when relating to personal injury cases. Similarly, here, Missouri law should prohibit subrogation in a contract case.

44. Plaintiff seeks a declaration that Defendants' do not have a legitimate claim to any recovery Plaintiff receives from Allstate.

45. Plaintiff is entitled to request such a declaration under §527.040 of the Revised Statutes of Missouri, which allows for declaration of legal rights of and relationships.

46.     The threat to Plaintiff's interest is not contingent but is impending and real, and is ripe for decision in that Defendants' have made demands for payment.

47.     The Plaintiff lacks any adequate remedy at law or other alternative remedy.

WHEREFORE, Plaintiff prays That the Court issue an Order declaring that Defendant CSD is not entitled to any monies that Plaintiff may recover from her breach of contract claim for UIM benefits from her personal automobile liability policy with defendant Allstate; and for such other and further relief as the Court may deem just and proper.

**GALLAGHER DAVIS, L.L.P.**

*/s/ Timothy J. Gallagher*
Timothy J. Gallagher, MBN 37872
2333 South Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax (314) 725-0101
tim@gallagherdavis.com

Attorneys for Plaintiff



COLE COUNTY SHERIFF
## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC00231 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>DEBORAH HEATH<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>TIMOTHY JOSEPH GALLAGHER<br>2333 S. HANLEY RD.<br>SAINT LOUIS, MO  63144 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>ALLSTATE INSURANCE COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** ALLSTATE INSURANCE COMPANY
   Alias:
JOHN M HUFF DIRECTOR
MISSOURI DEPT OF INSURANCE
301 W HIGH ST ROOM 530
JEFFERSON CITY, MO  65101

COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**February 1, 2019**                    _Thomas Kloeppinger_
_____                 _____
        Date                                    Clerk

Further Information:

### Sheriff's or Server's Return
**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
                            Date                  Notary Public

**Sheriff's Fees, if applicable**
Summons                               $_____
Non Est                               $_____
Sheriff's Deputy Salary
Supplemental Surcharge                $____10.00____
Mileage                               $_____ (_____ miles @ $._____ per mile)
**Total**                             $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**ST LOUIS COUNTY SHERIFF**

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC00231 | Special Process Server 1 |
|---|---|---|
| Plaintiff/Petitioner:<br>DEBORAH HEATH<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>TIMOTHY JOSEPH GALLAGHER<br>2333 S. HANLEY RD.<br>SAINT LOUIS, MO 63144 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>ALLSTATE INSURANCE COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:** CSD INSURANCE POOL INC
  Alias:
CT CORPORATION SYSTEM
120 S CENTRAL AVE
CLAYTON, MO 63105

*COURT SEAL OF CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**February 1, 2019**             _Thomas Kloeppinger_
_____             _____
Date                     Clerk

Further Information:

### Sheriff's or Server's Return
**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server     Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____        _____
                         Date                  Notary Public

**Sheriff's Fees, if applicable**
Summons             $_____
Non Est             $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $    10.00
Mileage             $_____  (_____ miles @ $._____ per mile)
**Total**           $_____
A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



COLE COUNTY SHERIFF
## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC00231 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DEBORAH HEATH | Plaintiff's/Petitioner's Attorney/Address<br>TIMOTHY JOSEPH GALLAGHER<br>2333 S. HANLEY RD.<br>SAINT LOUIS, MO 63144 | Special Process Server 1<br>Special Process Server 2<br>Special Process Server 3 |
| | vs. | |
| Defendant/Respondent:<br>ALLSTATE INSURANCE COMPANY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | RECEIVED<br>FEB 05 2019<br>COLE COUNTY<br>SHERIFF'S OFFICE |
| Nature of Suit:<br>CC Breach of Contract | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: ALLSTATE INSURANCE COMPANY
Alias:
JOHN M HUFF DIRECTOR
MISSOURI DEPT OF INSURANCE
301 W HIGH ST ROOM 530
JEFFERSON CITY, MO 65101

COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

February 1, 2019

_____    _____
Date                        Clerk

ENTERED
FEB 19 2019
MAG
FILED
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _Kim Landers_ (name) _Designee_ (title).
☐ other: _____

Served at _301 W. High St._ (address)
in _Cole_ (County/City of St. Louis), MO, on _2-6-19_ (date) at _9:10 AM_ (time).

_Sheriff John P. Wheeler_ By     _Dep. John Strobel 81_
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
                        Date         Notary Public

**Sheriff's Fees, if applicable**
Summons                                 $_____
Non Est                                 $_____
Sheriff's Deputy Salary
Supplemental Surcharge                  $ 10.00
Mileage                                 $_____ (_____ miles @ $._____ per mile)
Total                                   $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.