IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DEBORAH HEATH,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )     **Case No. 1922-CC00231** |
| | ) |
| **ALLSTATE INSURANCE COMPANY,** | ) |
| **and CSD INSURANCE POOL, INC.,** | ) |
| | ) |
|     **Defendants.** | ) |

**DEFENDANT, CSD INSURANCE POOL'S**
**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, CSD Insurance Health Trust, incorrectly sued as CSD Insurance Pool, Inc. ("CSD"), responds to Plaintiff's Complaint as follows:

1. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore, denies these allegations.

2. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore, denies these allegations.

3. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore, denies these allegations.

4. With regard to the allegations contained in Paragraph 4 of the Complaint, CSD admits only that it is a self-funded health consortium created to provide health benefits to Missouri public school district employees, and that CSD has paid at least $62,423.36 in benefits on behalf

of Deborah Heath ("Heath") related to a personal injury accident that occurred on or about November 30, 2017 ("Accident"), and that CSD has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Heath is made-whole by any recovery and notwithstanding attorney's fees. *See* Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively. CSD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint, and therefore, denies these allegations.

5. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore, denies these allegations.

6. With regard to the allegations contained in Paragraph 6 of the Complaint, CSD admits only that it is a self-funded health consortium created to provide health benefits to Missouri public school district employees, and that CSD has paid at least $62,423.36 in benefits on behalf of Heath related to the Accident, and that CSD has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Heath is made-whole by any recovery and notwithstanding attorney's fees. *See* Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively. CSD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint, and therefore, denies these allegations.

7. With regard to the allegations contained in Paragraph 7 of the Complaint, CSD admits only that it is a self-funded health consortium created to provide health benefits to Missouri public school district employees, and that CSD has paid at least $62,423.36 in benefits on behalf of Heath related to the Accident, and that CSD has a first priority right of subrogation and

reimbursement to the extent of benefits paid, regardless of whether Heath is made-whole by any recovery and notwithstanding attorney's fees.  *See* Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively.  CSD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 7 of the Complaint, and therefore, denies these allegations.

8. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore, denies these allegations.

9. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore, denies these allegations.

10. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore, denies these allegations.

11. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore, denies these allegations.

12. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore, denies these allegations.

13. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore, denies these allegations.

14. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore, denies these allegations.

15. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore, denies these allegations.

16. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore, denies these allegations.

17. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore, denies these allegations.

18. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore, denies these allegations.

19. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore, denies these allegations.

20. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore, denies these allegations.

21. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore, denies these allegations.

22. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore, denies these allegations.

23. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore, denies these allegations.

24. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore, denies these allegations.

25. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore, denies these allegations.

26. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, and therefore, denies these allegations.

27. With regard to the unnumbered paragraph following Paragraph 26 of the Complaint, beginning with "WHEREFORE," CSD does not believe these allegations require an answer, but to the extent an answer is required, at all times relevant to this action, CSD admits only that it is a self-funded public health consortium created to provide health benefits to Missouri public school district employees, and that CSD has paid at least $62,423.36 in benefits on behalf

of Heath related to the Accident, and that CSD has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Heath is made-whole by any recovery and notwithstanding attorney's fees.  *See* Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively.  CSD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the unnumbered paragraph following Paragraph 21 of the Complaint, and therefore, denies these allegations.

      28.    With regard to the allegations in Paragraph 27 of the Complaint, Anthem adopts and incorporates each of its responses set forth above as though fully restated herein.

      29.    CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore, denies these allegations.

      30.    CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore, denies these allegations.

      31.    CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore, denies these allegations.

      32.    CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore, denies these allegations.

33. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore, denies these allegations.

34. With regard to the unnumbered paragraph following Paragraph 32 of the Complaint, beginning with "WHEREFORE," CSD does not believe these allegations require an answer, but to the extent an answer is required, at all times relevant to this action, CSD admits only that it is a self-funded public health consortium created to provide health benefits to Missouri public school district employees, and that CSD has paid at least $62,423.36 in benefits on behalf of Heath related to the Accident, and that CSD has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Heath is made-whole by any recovery and notwithstanding attorney's fees. *See* Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively. CSD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in the unnumbered paragraph following Paragraph 32 of the Complaint, and therefore, denies these allegations.

35. Upon information and belief, CSD admits the allegations contained in Paragraph 33 of the Complaint.

36. With regard to the allegations contained in Paragraph 34 of the Complaint, CSD admits only that it is a self-funded health consortium created to provide health benefits to Missouri public school district employees, and that CSD has paid at least $62,423.36 in benefits on behalf of Heath related to the Accident, and that CSD has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Heath is made-whole by any recovery and notwithstanding attorney's fees. *See* Exhibit A, Plan language, and Exhibit B,

itemization of benefits paid, attached hereto respectively.  CSD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint, and therefore, denies these allegations.

37. With regard to the allegations contained in Paragraph 35 of the Complaint, CSD admits only that it is a self-funded health consortium created to provide health benefits to Missouri public school district employees, including employees of Wright City School District, and that CSD has paid at least $62,423.36 in benefits on behalf of Heath related to the Accident, and that CSD has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Heath is made-whole by any recovery and notwithstanding attorney's fees. *See* Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively.  CSD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint, and therefore, denies these allegations.

38. With regard to the allegations contained in Paragraph 36 of the Complaint, CSD admits only that Wright City School District is a public school district—and public entity—under Missouri law.  CSD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint, and therefore, denies these allegations.

39. With regard to the allegations contained in Paragraph 37 of the Complaint, CSD admits only that it is a self-funded health consortium created to provide health benefits to Missouri public school district employees, including employees of Wright City School District.  CSD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint, and therefore, denies these allegations.

40. With regard to the allegations contained in Paragraph 38 of the Complaint, CSD admits only that it is a self-funded health consortium created to provide health benefits to Missouri public school district employees, including employees of Wright City School District. CSD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Complaint, and therefore, denies these allegations.

41. With regard to the allegations contained in Paragraph 39 of the Complaint, CSD admits only that it is a self-funded health consortium created to provide health benefits to Missouri public school district employees, including employees of Wright City School District, and that CSD has paid at least $62,423.36 in benefits on behalf of Heath related to the Accident, and that CSD has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Heath is made-whole by any recovery and notwithstanding attorney's fees. *See* Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively. CSD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint, and therefore, denies these allegations.

42. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore, denies these allegations.

43. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore, denies these allegations.

44. CSD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore, denies these allegations.

45. CSD denies the allegations contained in Paragraph 43 of the Complaint and its subparagraphs, and avers that Heath is not entitled to any of the relief requested.

46. CSD denies the allegations contained in Paragraph 44 of the Complaint and avers that Heath is not entitled to any of the relief requested.

47. CSD denies the allegations contained in Paragraph 45 of the Complaint and its subparagraphs, and avers that Heath is not entitled to any of the relief requested.

48. CSD denies the allegations contained in Paragraph 46 of the Complaint and its subparagraphs, and avers that Heath is not entitled to any of the relief requested.

49. CSD denies the allegations contained in Paragraph 47 of the Complaint and its subparagraphs, and avers that Heath is not entitled to any of the relief requested.

50. With regard to the unnumbered paragraph following Paragraph 47 of the Complaint, beginning with "WHEREFORE," CSD does not believe these allegations require an answer, but to the extent an answer is required, at all times relevant to this action, CSD admits only that it is a self-funded health consortium created to provide health benefits to Missouri public school district employees, and that CSD has paid at least $62,423.36 in benefits on behalf of Heath related to the Accident, and that CSD has a first priority right of subrogation and reimbursement to the extent of benefits paid, regardless of whether Heath is made-whole by any recovery and notwithstanding attorney's fees. *See* Exhibit A, Plan language, and Exhibit B, itemization of benefits paid, attached hereto respectively. CSD denies the remaining allegations contained in the

unnumbered paragraph following Paragraph 47 of the Complaint, and avers that Heath is not entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1. CSD avers that the Complaint fails to state a claim upon which relief can be granted.

2. CSD avers that Plaintiff's claims are barred to the extent that she failed to fully exhaust, timely invoke, or otherwise comply with the CSD's administrative remedies.

3. CSD avers that Plaintiff failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that they failed to raise in support of the claim for benefits during the administrative review process.

4. CSD avers that Plaintiff's claims are barred to the extent that she failed to comply with all conditions precedent to the commencement of this action, including but not limited exhaustion of CSD's administrative remedies.

5. CSD avers that Plaintiff has failed to plead sufficient facts to establish liability as to it.

6. CSD avers that Plaintiff's claims for relief are barred due to her failure to comply with the Plan's contractual limitations provision.

7. Plaintiff received benefits in accordance with the CSD Plan terms, which expressly provide for a first-priority right of subrogation and reimbursement, and she would be unjustly enriched if allowed to recover anything from CSD, or if CSD was not allowed to enforce the terms and conditions of coverage.

8. Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under CSD's plan documents.

9. CSD avers that this action is frivolous, unreasonable and groundless, and accordingly, it is entitled to attorney's fees and other costs associated with the defense of this action.

10. CSD reserves the right to assert further affirmative defenses as they become evident through discovery or other investigation.

11. Having fully answered the Complaint, CSD requests that the Complaint be dismissed with prejudice, in its entirety, that judgment be entered in its favor, and that it be awarded reasonable fees and expenses incurred in the defense of this action, and that the Court award any other relief it deems just and proper.

Dated: 3/29/19

Respectfully submitted,

By:  /s/ Diana C. Carter
Diana C. Cater  MO Bar #50527
BRYDON, SWEARENGEN & ENGLAND, PC
P O Box 456
Jefferson City, Missouri 65102
Telephone:  (573) 635-7166
Facsimile:   (573) 635-3847
E-Mail:   dcarter@brydonlaw.com

ATTORNEY FOR DEFENDANT
CSD INSURANCE POOL, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2019, a true and exact copy of the foregoing was served was served by electronic filing in accordance with the Court's electronic filing program or via U.S. mail, postage prepaid, upon the following:

Timothy J. Gallagher and Katherine Smith

*/s/ Diana Carter*
Diana Carter